## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Christopher H. Lorek | ) | CASE NO. 12-11073 |
| | ) | CHAPTER 7 |
| Debtor. | ) | |

### NOTICE OF MOTION AND MOTION TO DISMISS UNDER 707(b)(1) and OBJECTIONS TO DISCHARGE UNDER 11 U.S.C. § 727(a)

TO:  See Attached Service List

TAKE NOTICE  that on August 31, 2012 at 9:30 a.m., or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Judge Cassling, in Courtroom 4016, 505 N. County Farm Road, Wheaton IL, or before any other judge who may be sitting in his stead, and shall then and there present the attached Motion to Dismiss under 707(b) and objection to Discharge under section 727.

/s/ Chad M. Hayward
CHAD M. HAYWARD
343 W. Erie, Suite 230
Chicago, Illinois  60654
(312) 867-3640

### CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he served this notice with its attachment electronically to the trustee and by mailing a copy to the debtor at the above listed address by depositing the same in the U.S. Mail at 343 W. Erie, Chicago, Illinois  60654 on August 13, 2012.

/s/ Chad M. Hayward
Chad M. Hayward

## SERVICE LIST

Christopher Lorek
102 Addison St.
Bensenville, IL 60106

Joseph E. Cohen, Counsel For Debtor
105 West Madison Street
Suite 1100
Chicago, IL 60602

David Brown, Chapter 7 Trustee
400 S. County Farm Road
Suite 330
Wheaton, IL 60187

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IN RE:                                          )
                                                )
    Christopher H. Lorek             )     CASE NO.  12-11073
                                                )     CHAPTER 7
                        Debtor.       )

MOTION TO DISMISS UNDER 707(b) and OBJECTION TO DISCHARGE UNDER 727

NOW COMES Dennis Jadin and Janice Jadin, by and through their attorney, Chad M. Hayward, and moves this Honorable Court, to Dismiss Debtor's Case pursuant to 11 U.S.C. sec. 707(b) and objection to Debtor's Discharge under 11 U.S.C. sec. 727

1. Debtors filed a Voluntary Petition for relief under Chapter 13 of the United States Bankruptcy Code on March 20, 2012.

2. On March 22, 2012, the clerk of the Bankruptcy Court set a meeting of creditors to be held on June 12, 2012; Mr. David R. Brown was appointed as the Chapter 7 Trustee.

3. Mr. Brown conducted a meeting of creditors on 6/12/2012, and continued the meeting to 7/24/2012.

4. Mr. Dennis Jadin is a creditor in Debtor's estate in his personal capacity and in his capacity as power of attorney for Ms. Lorraine Lorek.  Mr. Jadin, and his wife, Ms. Janice Jadin, are properly listed on Schedule F of Debtor's Bankruptcy petition.

5. Mr. and Mrs. Jadin request that this court enter an order dismissing the Debtor's case under 11 U.S.C. sec. 707(b)(1) et. al.

6. Under 707 the Debtor must file a certification that his current monthly income, or cmi is below the mean allowed by the national and local standards.

7. In this case, the Debtor did not file the certification because the Debtor filed a certification asserting that he has more business debt than consumer debt.  However, debtor's certification, which is attached as Exhibit A, is false.

8. On Debtor's schedules, he lists $109,702.78 in business Debt due to his businesses failure to pay IRS withholdings.

9. However, Debtor has far in excess of $109,702.78 in business Debt. On Debtor's schedule D, he lists $123,069.00, which consists of mortgage Debt for real property in Indiana, and an automobile.

10. Debtor's Schedules do not indicate that he receives any rent for that property. Furthermore, Debtor stated in a deposition dated 3/16/2012, that he pays the mortgage on the house and his wife and son life in the home. Clearly, the mortgage and the automobile are consumer debts which total more than Debtor's business debt. Moreover, Debtor has over $200,000.00 in unsecured Debt listed on Schedule F. None of the debt listed on schedule F appears to be business debt.

11. Therefore, Debtor has more consumer debt than business debt. Consequently, Debtor is required to file a Form B22 certification of current monthly income certifying he earns less money than allowed under the Local and National IRS standards. Debtor has failed to file the required forms, wherefore Debtor's case should be dismissed.

## OBJECTION TO DISCHARGE UNDER 727(a)

12. Under 11 U.S.C. 727(a)(4) the court shall not grant Debtor a discharge if he has made a false oath or account.

13. In an attempt to circumvent the requirements of 707(b), Debtor filed a certification that he has more business debt than consumer debt. This certification was false.

14. As alleged above, Debtor's schedules clearly show that he has more consumer debt than business debt.

15. By making this false assertion of fact, Debtor is attempting to circumvent the requirement of filling a CMI.

16. If Debtor was to file a CMI, it would be clear that he is ineligible for relief under Chapter 7 of the Bankruptcy Code, and would be forced to file for relief under Chapter 13 of the bankruptcy code, where he would be required to make regular monthly payments to his creditors.

17. In making this false statement of fact, Debtor is trying to avoid his obligation to pay creditors what they are entitled to under the Bankruptcy Code.

18. Furthermore, Debtor's budget, which allows for several generous line items, provides for a monthly donation of $240.00 to his Church.

19. However, at Debtor's 341 meeting, he could not recall the last time he attended Church.

20. The Jadins believe that the Debtor made false statements of fact with regard to his budget in order to avoid showing an appreciable amount of disposable income for distribution to his creditors. See Debtor's I and J attached to this motion.

WHEREFORE, Mr. and Mrs. Jadin believe that the Debtor made false statements of fact on his petition, and that the Debtor made false statements under oath at his 341 meeting, Mr. and Mrs. Jadin request that this Court enter an Order dismissing Debtor's case, or in the alternative, granting an exception to Discharge under section 727 of the Bankruptcy Code.

/s/ Chad M. Hayward
Attorney for Debtor(s)

Chad M. Hayward
Atty. No. 6280182
343 W. Erie, Suite 230
Chicago, IL  60654
312.867.3640